UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL D. WALL,

    Petitioner,

    v.      CAUSE NO. 3:20-CV-466-MGG

WARDEN,

    Respondent.

## OPINION AND ORDER

Michael D. Wall, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (MCF-19-11-1010) at the Miami Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of trafficking in violation of Indiana Department of Correction Offense 113. Following a hearing, he was sanctioned with a loss of one hundred days earned credit time and a demotion in credit class.

Wall argues that he is entitled to habeas relief because the administrative record lacks sufficient evidence for a finding of guilt due to deficient chain-of-custody documentation.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

The administrative record includes a conduct report in which a correctional officer represents that he saw Wall receive a package from another inmate that contained twelve strips of suboxone and a label indicating a price of five hundred fifty dollars. ECF 6-1. It also includes photographs of the strips and the label as well as correspondence indicating trafficking activity. *Id.* The conduct report, the photographs, and the correspondence constitute some evidence that Wall committed the offense of trafficking. Moreover, while correctional staff may not have complied with departmental policy in documenting the chain of custody, the failure to follow departmental policy alone does not rise to the level of a constitutional violation. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("state-law violations provide no basis for federal habeas relief"); *Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (finding that inmate's claim that prison failed to follow internal policies had "no bearing on his right to due process"). Therefore, the claim that the hearing officer did not have sufficient evidence is not a basis for habeas relief.

Wall argues that he is entitled to habeas relief because correctional staff did not allow him to present a surveillance video recording as exculpatory evidence. "[T]he inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). The administrative record contains a video recording summary indicating that a correctional officer reviewed the recording but could not identify individual inmates due to the position of the camera. ECF 6-6. Wall may not have received this summary with the amount of

notice required by departmental policy, but this procedural defect does not rise to the level of a constitutional violation that would entitle him to habeas relief. Moreover, the court has reviewed the recording, and consistent with the summary, it does not show any identifiable inmates engaged in the activities described in the conduct report.[1] ECF 9. As a result, it is unclear how the recording constitutes exculpatory evidence or how the inability to present the recording could have amounted to more than harmless error. Therefore, the argument that Wall was not allowed to present evidence is not a basis for habeas relief.

Wall argues that he is entitled to habeas relief because the hearing officer was not an impartial decisionmaker because she did not fully transcribe his verbal statements at the hearing. In the context of prison disciplinary proceedings, hearing officers are "entitled to a presumption of honesty and integrity," and "the constitutional standard for improper bias is high." *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). A correctional officer who was personally and substantially involved in the underlying incident may not act as a decisionmaker in the case. *Id.*

The hearing officer described Wall's conduct at the hearing as follows:

> N/G plea entered for [Wall]. [Wall] was more concerned with talking about his [cellmate's] conduct instead of his own. He was advised that [the hearing officer] was present for his hearing. He still did not want to talk about his hearing.

---

[1] The Warden, by counsel, filed a motion to file this recording ex parte and under seal. ECF 7. The court agrees that this recording contains sensitive information and that disclosure could be harmful to other individuals or compromise the security of the facility. *See Piggie v. Cotton*, 344 F.3d 674, 679 (7th Cir. 2003); *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1078 (7th Cir. 1994); *Wells v. Israel*, 854 F.2d 995, 999-1000 (7th Cir. 1988). Therefore, this motion is granted.

> \* \* \*
>
> Hearing was ended due to non-participation from [Wall]. [Wall] became hostile[,] kicking the door and yelling.

ECF 6-5. The record contains no indication that the hearing officers had any personal involvement in the underlying charge. Further, Wall does not dispute the accuracy of the hearing officer's description of his conduct, and it is unclear how declining to record statements that bore no relation to either the conduct report or the hearing suggests improper bias. As a result, the claim of improper bias is not a basis for habeas relief.

Because Wall has not asserted a valid claim for habeas relief, the habeas petition is denied. If Wall wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) GRANTS the motion to file evidence ex parte and under seal (ECF 7);

(2) DIRECTS the clerk to maintain this exhibits under seal and to refrain from disclosing it to the public or to the petitioner;

(3) DENIES the habeas corpus petition (ECF 1);

(4) DIRECTS the clerk to enter judgment and close this case; and

(5) DENIES Michael D. Wall leave to proceed in forma pauperis on appeal.

SO ORDERED this July 15, 2021.

                                                                                      <u>s/Michael G. Gotsch, Sr.</u>
                                                                                       Michael G. Gotsch, Sr.
                                                                                      United States Magistrate Judge